Case 4:17-cv-00711-JM  Document 6  Filed 12/11/17  Page 1 of 10

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2017

JAMES W. McCORMACK, CLERK
By: /s/ Rochel
DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                                PLAINTIFF

VS.                            CASE NO. 4:17-cv-00711-JM-JTK

KENNETH HIXSON, DAVID GLOVER,                                        DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

## AMENDED COMPLAINT AND JURY DEMAND

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Amended Complaint and Jury Demand. I am explicitly allowed to amend my complaint at least once as a matter of course. See Fed.R.Civ.P. 15(a). Meanwhile, Local Rule 5.5(e) explicitly exempts pro se litigants such as myself from the requirement to file a completely separate Complaint to replace the old one, instead permitting me to file an Amended Complaint stating only the new claims being added while keeping the original Complaint intact. That is what I am doing now.

1.      On October 27, 2017, Theodore Capehart – who was assigned as a special judge in in the state circuit court case after the Court of Appeals sent the case back down to the circuit court for lack of a final, appealable order – issued an order in the state circuit court case. However, instead of setting a scheduling order to adjudicate the matters, he simply declared that he had no intention of complying with the mandate from the Court of Appeals. He believed that all the issues and claims in the case were properly adjudicated the first time, despite the Court of Appeals' decision that they were not. He disagreed with the conclusion of the Court of Appeals, and just on that alone, he stated that he would do nothing further to cause the case to reach a conclusion.

2.      I filed a "Motion to Comply with Court of Appeals Mandate" in the circuit court case. However, I could not submit it to Judge Capehart because I do not know his address. Maybe the

Circuit Clerk has submitted it to him; I don't know.

3. I also filed a "Second Motion to Enforce Mandate" in Case No. CV-16-16 in the Court of Appeals. That was uploaded to their equivalent to PACER on November 7, 2017. On December 7, 2017, the three justices who are listed as defendants in this case issued an order denying the motion with no explanation.

4. At this point, my right of access to the courts has been thoroughly curb-stomped. Not only am I forever barred from litigating the eight (8) remaining claims, but I am also forever barred from obtaining an appeal on the merits on the two claims that were litigated.

5. As I stated before, judges are not immune from suit for actions or omissions taken in their enforcement capacities. See Supreme Court of Va. v. Consumers Union of United States, Inc., 446 US 719 (1980). See also Mireles v. Waco, 502 US 9, 14 (1991) ("Judicial immunity attaches only to actions undertaken in a judicial capacity ... judge not entitled to judicial immunity when acting in enforcement capacity") (citing *Supreme Court of VA v. Consumers' Union*). See also Brown v. Griesenauer, 970 F. 2d 431, 436 (8th Cir. 1992) ("judges acting to enforce code properly held liable in their enforcement capacity"). Therefore, the three named personal Defendants in the above-styled action - Kenneth Hixson, David Glover, and Phillip Whiteaker – are proper defendants for violating my Constitutional right to court access.

6. In addition to causing me an injury that is inherently unconstitutional, I also wish to sue the Defendants for a claim of First Amendment Retaliation as well as ADA retaliation under Section 503 of the Americans with Disabilities Act. As I stated in the original complaint, the State of Arkansas clearly has a vendetta against me for my discrimination litigation history which I articulated in the original Complaint and Jury Demand (Doc. 2) in this case.

**LAW AND DISCUSSION**

7. The following law is controlling in this complaint.

## ADA Retalaliation

8. As stated before, the essential elements of ADA retaliation are (A) the plaintiff has engaged in statutorily protected activities, (B) an adverse action was committed by the Defendants against the plaintiff, and (C) there is a causal connection between the statutorily protected activities and the adverse action. See Amir v. St. Louis University, 184 F. 3d 1017, 1025 (8th Cir. 1999).

9. For the first essential element, the factual allegations contained in ¶¶ 12-16 of the original Complaint and Jury Demand (Doc. 2) are hereby incorporated by reference.

10. For the second essential element (adverse action), the allegations contained in ¶¶ 1-6 of this Amended Complaint pleads sufficient facts for that essential element.

11. For the third essential element – causal connection – the allegations contained in ¶¶ 17-19 of the original Complaint and Jury Demand (Doc. 2) are hereby incorporated by reference.

12. Therefore, I have sufficiently plead the essential elements for a claim of ADA retaliation.

## First Amendment Retaliation

13. To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, I must show (1) that I engaged in a protected activity, (2) the government official took adverse action against me that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. In brief, I must show the official took the adverse action because I engaged in the protected speech. See Revels v. Vincenz, 382 F. 3d 870, 876 (8th Cir. 2004).

14. For the first essential element – First Amendment protected activities - the factual allegations contained in ¶¶ 12-16 of the original Complaint and Jury Demand (Doc. 2) are hereby

incorporated by reference.

15. For the third essential element – retaliatory motive – the allegations contained in ¶¶ 17-19 of the original Complaint and Jury Demand (Doc. 2) are hereby incorporated by reference.

16. The allegations contained in ¶¶ 1-6 of this Amended Complaint are sufficient to show that an adverse action had occurred that would chill a person of ordinary firmness from engaging in similar First Amendment protected activity.

17. It is important to note that, by "chill," it is not necessary that my speech be completely silenced. "Speech can be chilled even when not completely silenced." See the persuasive precedent of Rhodes v. Robinson, 408 F. 3d 559, 568 (9th Cir. 2005). "[The Plaintiff] does not have to demonstrate that his speech was 'actually inhibited or suppressed.'" See id at 569.

18. But that is only persuasive precedent! How about some precedent that is binding on this Court?! For that, we need published opinions from either the Supreme Court or the Eighth Circuit.

19. To that end, I cite the precedent of Garcia v. City of Trenton, 348 F. 3d 726, 729 (8th Cir. 2003), which states, in pertinent part: "The [ordinary firmness] test is an objective one, not subjective. The question is not whether the plaintiff herself was deterred ... What would a person of "ordinary firmness" have done in reaction to the [adverse action]s? Would he or she have simply ignored them, or would he or she have been slowed down, at least to some degree?" See Id at 729. See also Santiago v. Blair, 707 F. 3d 984, 992 (8th Cir. 2013) (same).

20. Second, the adverse action only has to be sufficient to chill a person "of ordinary firmness." That does not mean that the plaintiff himself must be chilled. "[I]t would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." See Rhodes v. Robinson, supra

at 569.

21.     The Defendants actions, complained about in this Amended Complaint as well as the original Complaint and Jury Demand (Doc. 2) are sufficient to satisfy the essential element that a person of ordinary firmness would be chilled (even if not altogether silenced) by the actions. Therefore, I have plead sufficient facts.

### Constitutional Violation

22.     Establishing a claim for a constitutional violation under 42 USC § 1983 is much more simple than a claim for retaliation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 US 42, 48 (1988). No proof of any particular motive is necessary.

23.     The Defendants are unquestionably acting under color of state law. I petitioned to them in their official capacities as justices of the Arkansas Court of Appeals, and their refusal to grant the requested relief was done in that same capacity. Therefore, the second essential element of a constitutional violation is present and judicially noticeable.

24.     The first essential element is also present. The Defendants' actions have caused me the injury of deprivation of court access. My deprivation of court access was not inflicted as a punishment; rather, it was because Special Judge Ted Capehart simply refused to obey the Court of Appeals' mandate that the case was not complete, and the Court of Appeals refused to enforce their mandate. Because the Court of Appeals refused to enforce the mandate, not only am I unable to litigate the eight (8) claims that remain in the Circuit Court case, but I also am forever barred from obtaining an appeal on the merits of the two claims that were adjudicated.

25.     Court access is indeed a First Amendment right. See California Motor Transport Co. v.

Trucking Unlimited, 404 US 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition").

26.  So even if the Defendants can articulate a nonretaliatory motive for denying the Motion to Enforce Mandate, and even if I cannot subsequently show that this nonretaliatory motive is pretextual, I would still be entitled to recover on this claim, even if the other two are dismissed.

### SECTION V: RELIEF REQUESTED

27.  If it is determined – on summary judgment, jury verdict, or otherwise – that the Defendants have unconstitutionally retaliated against me, I request the following relief:

### Sub-Section 1: First Prospective Injunctive Relief

28.  First and foremost, I request an injunction ordering the individual defendants to vacate their Order Denying the Motion to Enforce Mandate, and subsequently take whatever actions are necessary to ensure the Circuit Court's compliance with that order. Since the individual defendants are not immune from suit in this case since it is an action taken in their enforcement capacities, this injunction is reasonable.

### Sub-Section 2: Second Prospective Injunctive Relief

29.  Second, I request an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation.

30.  This requested injunction is identical to the injunction requested in Paragraph #59 of the "Complaint and Jury Demand" of Case No. 16-545 in this Court. Granting the injunction in either case would satisfy me.

31.  The injunction should be deemed violated in case of any adverse action where the State of Arkansas fails to offer any motive. After all, the complete absence of a pretextual motive in this case is the primary reason my argument that they are doing this out of personal hatred for me

because of my litigation history will go uncontested.

32.     The injunction should also be deemed violated when the government offers a pretextual excuse that is not supported by the evidence. After all, if I move for the State to be held in contempt of court for violating this injunction, the contempt charges will be in a heavily condensed, heavily simplified proceedings. We will not have the benefit of discovery, calling witnesses, etc. As such, in order to ensure that the injunction is complied with, the Defendants should hold the burden of proof in the first instance of documenting their motive.

33.     This requested injunction would *not* cover actions that are expressly authorized by law and/or that have always been accepted as means of curbing abuse of the court system, such as charging me with Arkansas' Class A Misdemeanor of "frivolous, groundless, or malicious prosecutions."[1] As long as I am entitled to full due process – including, but not limited to, the right to discovery, the right to cross examine the state's witnesses, and the right to compel my own witnesses – and I cannot be punished unless there is actual *evidence* (and no, the arbitrary and summary finding of a clearly-biased judge does not count as evidence) that my prosecutions were indeed frivolous, then I have no objections to being held accountable for legitimate abuses of my rights. But as I said, it should take more than just some judge who is annoyed by me to simply *state* that I am abusing the court system, while providing absolutely no evidence whatsoever to back up his claim, to justify that I need to be punished.

### Sub-Section 3: Compensatory Damages

34.     I also request that the State of Arkansas, upon being held liable for ADA Retaliation, be ordered to pay compensatory damages to me. This request for damages is allowed under the precedent of Meagley v. City of Little Rock, 639 F. 3d 384 (8th Cir. 2011). Because the

---

[1] See AR Code § 5-53-131 (2015): "Any officer or any person who knowingly brings or aids and encourages another to bring a frivolous, groundless, or malicious prosecution is guilty of a Class A misdemeanor."

Defendants' refusal to enforce the mandate has delayed my ability to obtain judgment on the claims, I request compensatory damages equal to the post-judgment interest on that judgment. As I established, the post-judgment interest is $3,013.70 per day.

35.     I request that these damages begin to retroactively accrue starting on October 13, 2017, the date the Defendants actually put their retaliation into action. I ask that these daily damages continue to accrue until the Defendants comply with the first injunction requested in Paragraph 56 of this Complaint. Only by doing that would the Defendants have ceased inflicting a continuous injury.

36.     If the Defendants engage in actions consistent with the injunction requested in Paragraph 56 immediately after being served with process in this case, thus rendering the first injunction unnecessary, I would still ask that the Court award the damages of $3,013.70 per day up to the point where they actually do that. After all, stopping your illegal actions might prevent any further liability, but you still deserve to suffer the consequences of the illegal actions you have already committed.

37.     For example: Suppose you rent an item from a rental store. You do not return the item by the specified due date, and rack up lots of late fees as a result. The leasor sues you for the item, only for you to then return it. Well, even someone who has dropped out of high school – let alone someone who has graduated law school – can tell you that you still need to pay the late fees.

38.     This case is no different. Performing actions that render the first injunction unnecessary may cause their accumulation of damages to stop, but the accumulation of damages would not be reversed or negated.

### Sub-Section 4: Punitive Damages

39.     Section 503(c) of the Americans with Disabilities Act says that the remedies available for

retaliation are the same as those for discrimination in the first instance. So when a government entity is being held liable for ADA retaliation, the remedies available are the same as those in Title II of the Americans with Disabilities Act.

40. Title III of the ADA expressly forbids the awarding of punitive damages. However, Title II of the ADA contains no such language. Title III of the ADA clearly shows that, when Congress intends to not allow the recovery of punitive damages, they will state that intention in the plain text of the statute. Therefore, because that language is not present in Title II, Congress necessary intended for state governments to be held liable for punitive damages.

41. Therefore, I request four (4) times the amount of compensatory damages, or $12,054.80 per day, in punitive damages, in order to give the Defendants the most possible incentive to comply with the Second Injunction that is requested in Paragraphs 29-33 of this Amended Complaint.

## SECTION VI: JURY DEMAND

42. In the event that a trial is needed to adjudicate any facts, I ask that this case be tried by a jury of my peers.

## SECTION V: CONCLUSION

43. They just won't stop. Any chance they get, they go out of their way to make my life a living hell, by denying me access to the courts for no reason, denying me justice for no reason, and even throwing me in jail just so they can use that as leverage to get me to stop exercising my First Amendment rights in a way they don't like. A prospective injunction ordering them to stop is the only way to get them to stop.

44. Wherefore, premises considered, I respectfully request that this Court award me the injunctive relief and damages requested in Paragraphs 27-41 of this Complaint, award costs

incurred, and any other relief to which I may be entitled.

So requested on this, the 7th day of December, 2017.

/s/ David Stebbins<br>
David Stebbins<br>
123 W. Ridge St.,<br>
APT D<br>
Harrison, AR 72601<br>
870-240-6561<br>
stebbinsd@yahoo.com