IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                        **PLAINTIFF**

v.                                      NO. 4:17-CV-711-JM

**KENNETH HIXSON,**                                                         **DEFENDANTS**
**DAVID GLOVER,**
**PHILLIP WHITEAKER, and the**
**STATE OF ARKANSAS**

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Come now the Defendants[1], Arkansas Court of Appeals Justices Kenneth Hixson, David Glover, and Phillip Whiteaker, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Motion to Dismiss Plaintiff's Complaint for his failure to state a claim, state as follows:

1. According to the allegations of the original Complaint (Doc. 2), Plaintiff David A. Stebbins ("Stebbins") was arrested on criminal charges initiated by his father. In 2012, Stebbins filed a civil suit against his father in the Boone County Circuit Court. Stebbins' original Complaint detailed six claims against his father. His amended Complaint added four additional claims.

2. Stebbins alleges that on or about January 23, 2015, Circuit Court Special Judge Russell Rogers (a non-party) issued an Order dismissing *sua sponte* eight of the ten claims. (DE 2, ¶ 21) The parties proceeded to a jury trial on the

---

[1] Stebbins attempted to serve the State of Arkansas by serving a summons on the Office of the AR Attorney General; however, the summons was returned on January 10, 2018 for improper service as the Office of the Attorney General is not the registered agent for service for the State of Arkansas. (DE 12)

two remaining claims. (De 2, ¶ 22) The jury returned a verdict against Stebbins. (*Id.*)

3.      Stebbins filed an appeal with the Arkansas Court of Appeals ("COA"). (CV-16-16) On September 7, 2016, the Court of Appeals[2] entered an Opinion Order. The COA held that, because of the deficiency in the record, the case was remanded to the trial court for two reasons: (a) to settle the record to include the Order dated January 23, 2015, if it existed and was, indeed, part of the official record of the case; and (b) to supplement the record with a corrected (non-deficient) appellant's addendum and abstract. (*Stebbins v. Stebbins*, 2016 Ark. App. 385.)

4.      On December 2, 2016, Stebbins filed suit against the State of Arkansas and the Boone County circuit Clerk, alleging violations of his constitutional rights regarding the facts stated above. (See *David A. Stebbins v. State of Arkansas, et al*, EDAR 4:16CV00878 – BSM; then transferred to the Western District of Arkansas and assigned Case No. 3:17CV03016 - TLB).

5.      On March 21, 2017, the Boone County Circuit Clerk supplemented the appellate record by submitting an Affidavit, in which she attested there were no Orders dated January 23, 2015 filed in Boone County Case No. 2012-85-4 (*Stebbins v. Stebbins*). Re-briefing in appellate case CV-16-16 resumed on March 30, 2017.

6.      On September 6, 2017, the Court of Appeals[3] dismissed Stebbins' appeal for lack of jurisdiction. (*Stebbins v. Stebbins*, 2017 Ark. App. 428) The

---

[2] Judge Hixson wrote the Opinion, with Judges Kinard and Whiteaker agreeing.
[3] Judge Hixson wrote the Opinion, with Judges Glover and Whiteaker agreeing.

Court's lack of jurisdiction was due to the absence of a final, appealable order. A Mandate was issued that same day. The Mandate read as follows:

> This appeal was submitted to the Arkansas Court of Appeals on the record of the Boone County Circuit Court and briefs of the respective parties. After due consideration, it is the decision of the Court that the appeal is dismissed for the reasons set out in the attached Opinion.

7. Unlike the September 2016 Opinion, neither the Opinion nor Mandate issued on September 6, 2017 remanded the case to the circuit court or otherwise directed the circuit court or it's clerk to take any specific action.

8. On September 27, 2017, Stebbins filed a Motion and Brief to Enforce Mandate. (DE 2, ¶ 28) In it, Stebbins asked the COA to "force Rhonda Watkins to accept continued pleadings in the Circuit Court case" and for Special Judge Ted Capeheart to pass a ruling on the merits of the right remaining claims. Stebbins' motion was denied on October 25, 2017. (*Id.*)

9. On November 1, 2017, Circuit Court Judge Capeheart did in fact issue a final order in *Stebbins v. Stebbins*, 2012-85-4, in which he addressed the supposed eight remaining claims. In his Order, Judge Capeheart explained, in detail, how the issues had been addressed by the parties prior to the jury being seated, and how the parties understood there were only two remaining claims to proceed to jury trial.

10. On November 7, 2017, Stebbins filed his Second Motion to Enforce Mandate in which he attached a copy of Judge Capeheart's Order. (DE 6, ¶ 3) In his second motion, Stebbins suggested he was entitled to a trial on the eight "remaining" claims and that Judge Capeheart's Order dismissing all claims was not sufficient or in compliance with the COA's mandate.

11. Plaintiff David A. Stebbins filed this lawsuit on October 31, 2017 (DE 2) and an Amended Complaint on December 11, 2017 (DE 6) alleging violations of his constitutional rights. Specifically, Stebbins alleges first Amendment violations against Kenneth Hixson, David Glover, and Phillip Whiteaker pursuant to 42 U.S.C. § 1983 for not enforcing the Court's September 2017 Mandate.

12. In addition, Stebbins alleges the State of Arkansas has violated Title II of the Americans with Disabilities Act by retaliating against Stebbins for his extensive litigation history.

13. The identical facts and claims in this case were previously brought against the State of Arkansas and the Boone County Circuit Clerk in *David A. Stebbins v. State of Arkansas, et al.*, Case No. 3:17CV03016 TLB-MEF. Stebbins' first case (3:17CV03016) was dismissed with prejudice on April 17, 2017 due to Stebbins' failure to state a claim under Section 1983 as well as stating meritless and frivolous allegations. Stebbins could have added Defendants Hixson, Glover, and Whiteaker to his first lawsuit, but chose not to do so. As a result, his claims against them should be barred by res judicata and collateral estoppel.

14. If, however, it is determined that the claims against one or more of the Defendants are not barred by res judicata or collateral estoppel, they should nevertheless be dismissed.

15. Stebbins has failed to state a claim upon which relief may be granted against Hixson, Glover, and/or Whiteaker; therefore, they are entitled to the dismissal of all claims against them.

16. If, however, it is determined that Stebbins has indeed stated a claim, these Defendants are nevertheless entitled to absolute judicial immunity.

17. Additionally, as these three Defendants are being sued in their official capacities only, Stebbins may not recover money damages against them.

18. Lastly, Stebbins requests two forms of injunctive relief; however, neither of these two requests are directed to Hixson, Glover, or Whiteaker. First, Stebbins asks this Court to order the Circuit Court (a non-party) to reopen Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims. Stebbins' first request is now moot, as a final Order addressing the eight claims was entered on November 1, 2017. Stebbins has a copy of the Order and in fact attached it to one of his pleadings in Case No. CV-16-16. Stebbins' second request, which is to obtain "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation." Should Stebbins obtain proper service on the State of Arkansas, this request would be addressed at that time; however, it can be affirmatively stated that Stebbins is not being retaliated against by anyone or anything, including the State of Arkansas. His requests are without merit.

19. Stebbins is not seeking monetary damages against these three named Defendants; however, to the extent he is, his claims must fail as he is not entitled to monetary relief against state employees in their official capacity.

WHEREFORE, Defendant Kenneth Hixson, David Glover, and Phillip Whiteaker request that the Court grant their Motion to Dismiss and dismiss Stebbins' case with prejudice.

                                      Respectfully submitted,

                                      Leslie Rutledge
                                      Attorney General

By:   /s/ Christine A. Cryer
        Arkansas Bar No. 2001082
        Sr. Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 683-0958
        Fax: (501) 682.2591
        Chrisitne.cryer@arkansasag.gov

## **CERTIFICATE OF SERVICE**

     I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on January 24, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

     I, Christine A. Cryer, hereby certify that on January 24, 2018, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

                                      /s/  Christine A. Cryer