IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                    **PLAINTIFF**

**v.**                                    **NO. 4:17-CV-711-JM**

**KENNETH HIXSON,**                                       **DEFENDANTS**
**DAVID GLOVER,**
**PHILLIP WHITEAKER, and the**
**STATE OF ARKANSAS**

**BRIEF IN SUPPORT OF THE STATE OF ARKANSAS'**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

### I.   INTRODUCTION

On December 2, 2016, Stebbins filed suit (*David A Stebbins v. State of Arkansas, et al*, EDAR 4:16CV00878–BSM[1]; against the State of Arkansas and the Boone County Circuit Clerk, alleging violations of his constitutional rights. Specifically, Stebbins alleged the following:

    a. In 2011, Stebbins was arrested on criminal charges initiated by his father;
    b. In 2012, Stebbins filed a civil suit against his father in the Boone County Circuit Court;
    c. A jury returned a verdict in favor of Stebbins' father;
    d. Stebbins filed an appeal with the Arkansas Court of Appeals;
    e. Stebbins alleged the Boone Count Circuit Clerk intentionally omitted an important order regarding eight claims;
    f. On September 7, 2016, the Court of Appeals entered an order directing the Clerk to supplement the record and send the missing order, if it existed and was indeed part of the official record of the case;
    g. The Circuit Clerk failed to respond timely to the order, thus putting his "appeal on the shelf indefinitely." (*Id*.; DE 2, p. 6)

---
[1] The case was transferred to the Western District of Arkansas and assigned Case No. 3:17CV03016 - TLB).

In his 2016 case, Stebbins maintained that the State of Arkansas had done "absolutely diddly" to enforce the order of the Court of Appeals to the Clerk or "otherwise require the Clerk to comply with the Court of Appeals' order. (*Id.*) Stebbins further alleged that the State of Arkansas committed "just as much a constitutional violation as the Clerk's decision to tamper with the record in the first place" by failing to discipline the Clerk. (*Id.*) He argued that the State of Arkansas, as well as the other Defendants, was retaliating against him for having filed multiple lawsuits against him, and opined that "Every officer of the State of Arkansas who I have ever come into contact with, from 2010 to the present. . . has made no secret that they disdain me because of my litigation history." (*Id.* at p. 7) Lastly, he contended that a "retaliatory motive" had fueled the State's decision-making. (*Id.*)

On April 14, 2017, the Honorable Judge Timothy L. Brooks, District Court Judge for the Western District of Arkansas, issued a Memorandum Opinion and Order.  Judge Brooks summarily dismissed the case for 3 reasons:  (a) it failed to state a claim under Section 1983 for the violation of any constitutional right; (b) the defendants were immune from suit; and (c) the allegations in the Complaint were legally without merit and therefore frivolous. (3:17CV03016 – TLB)

Stebbins appealed the dismissal of his case to the Eighth Circuit Court of Appeals. (17-1920) On October 3, 2017, the Eighth Circuit summarily affirmed the district court's dismissal of Stebbins' case. (*Id.*)

Approximately four months later, on October 31, 2017, Stebbins filed the present lawsuit. In it, Stebbins restated and re-alleged the identical facts as stated in 3:17CV03016. In addition, Stebbins added the following facts:

- On November 29, 2016, Stebbins tendered his brief;
- On March 24, 2017, the requested Supplement to the record was filed;
- That same day, re-briefing commenced.
- On March 30, 2017, Stebbins filed his re-brief.
- On August 23, 2017, the case was submitted;
- On September 6, 2017, the Court issued its Opinion, in which it dismissed the appeal for lack of jurisdiction.
- On September 27, 2017, Stebbins filed a motion and brief to make the Court of Appeals enforce the mandate. Stebbins wanted the COA to force the Boone County Circuit Court Clerk to continue accepting pleadings in Case No. 2012-85-4.
- On October 25, 2017, Stebbins' motion to enforce the mandate was denied;
- On November 1, 2017, a Boone County Circuit Court Judge entered and Order, saying that from the Trial recording, it was clear the Court addressed the dismissed claims, and that Stebbins acknowledged they'd been dismissed. The November 1, 2017 order was a final judgment for all purposes;
- On November 7, 2017, Stebbins files his 2nd motion to make the COA enforce the mandate; and
- On December 6, 2017, the Court denied Stebbins' 2nd motion to enforce the mandate. (DE 2)

Further, in addition to re-alleging his 42 U.S.C. § 1983 claim against the State, Stebbins now asserts claims pursuant to the Title II of the ADA.

Stebbins claims against the State of Arkansas should be dismissed for six reasons: (a) Stebbins' claims are barred by res judicata and collateral estoppel; (b) Stebbins has again failed to state a claim pursuant to 42 U.S.C. § 1983 upon which relief may be granted; (c) the State of Arkansas is not a "person" for purposes of 42 U.S.C. § 1983, therefore, claims against it for money damages are barred by the doctrine of sovereign immunity; (d) Stebbins has failed to alleged facts, and will be

3

unable to establish a *prima facie* case under the ADA's anti-retaliation provisions; (e) Stebbins' request for an order directing the Circuit Court (a non-party) to reopen Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims – is now moot, as a final Order addressing the eight claims was entered on November 1, 2017; and (f) Stebbins's request for "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation" is meritless. (DE 2)

For the reasons stated below, the State of Arkansas is entitled to the dismissal of all claims against it. Stebbins' Complaint should be dismissed with prejudice.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion to dismiss should be granted in favor of defendants on plaintiff's claims if plaintiff "fail[s] to state a claim upon which relief can be granted." A Complaint should be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff's Complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). In determining whether to dismiss this Complaint under Rule 12(b)(6), the Court will assume the facts alleged in the Complaint are correct and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *See Turner v.*

*Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002).

Dismissal under Rule 12(b)(6) operates to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a Complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Legal conclusions, unsupported conclusions, and unwarranted inferences must be ignored and fail to withstand a Rule 12(b)(6) motion. *See Farm Credit Svcs. v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003). Because Stebbins can present no set of facts that would entitle him to relief against the State of Arkansas, his Complaint should be dismissed with prejudice.

### III. ARGUMENTS

A. <u>Stebbins' claims against the State of Arkansas are barred by res judicata and collateral estoppel</u>.

The preclusion principle of res judicata prevents "the re-litigation of a claim on grounds that were raised or could have been raised in the prior suit." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir.1990). We undertake a three part inquiry to determine whether res judicata applies addressing these issues: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases. *Id.*

With regard to the third requirement of res judicata, we "adopted the position of the Restatement (Second) of Judgments in determining whether two causes of action are the same for res judicata purposes." *Id.* at 742. Section 24 of the Restatement (Second) of Judgments provides that: When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar[,] ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. RESTATEMENT (SECOND) OF JUDGMENTS § 24. Thus, "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Lane,* 899 F.2d at 742 (citations omitted); *see also Ruple v. City of Vermillion,* 714 F.2d 860, 861 (8th Cir.1983).

"Collateral estoppel 'bars the re-litigation of factual or legal issues that were determined in a prior ... court action, and applies to bar re-litigation in federal court of issues previously determined.' " *In re Elisabeth Scarborough,* 171 F.3d 638, 641 (8th Cir.1999); *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "Originally, collateral estoppel was limited by the

6

principle of mutuality, which provided that 'neither party could use a prior judgment as an estoppel against the other unless both parties were bound by the judgment.' " *Lane,* 899 F.2d at 741 (citation omitted). Under federal law, the mutuality requirement has long been abandoned and a party may now "rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." *Id.*

The basis of Stebbins' 2016 lawsuit[2] against the State of Arkansas and the Boone County Circuit Clerk was the same as the present lawsuit. In both, Stebbins argues that the State of Arkansas had done nothing to enforce the order of the Court of Appeals to the Clerk, and that the State has committed just as much a constitutional violation as the Circuit Clerk and the Court of Appeals Justices in denying him access to the courts in retaliation for the State's dislike of him. Other than adding a few additional facts against the State, which do nothing to create a viable claim against it, his claims are identical. The State of Arkansas has already been dismissed from one of Stebbins' lawsuits for the identical claims; therefore, the claims in his present lawsuit should be barred by res judicata and collateral estoppel.

    B.   <u>Stebbins has failed to state a claim pursuant to 42 U.S.C. § 1983 against the State of Arkansas.</u>

Section 1983 provides a plaintiff a vehicle for seeking a federal remedy for violations of federally protected rights. *Riley v. St. Louis County*, 153 F.3d 627, 630

---

[2] *Stebbins v. State of Arkansas, et al*, 3:17CV03016 TLB.

7

(8th Cir. 1998); *Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987). The law, however, does not create a cause of action or any substantive rights. *Id.* Section 1983 provides an action can be brought against a "person" who acting "under color of state law" deprives the plaintiff of his or her civil rights. 42 U.S.C. § 1983.[3] The State of Arkansas is not a "person." See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that a state is not a "person" for purposes of Section(s) 1983); *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979) (holding that Section(s) 1983 does not abrogate a state's Eleventh Amendment immunity). As such, Stebbins cannot proceed on a Section 1983 claim against the state for money damages.

Further, it is well settled that the Eleventh Amendment bars Plaintiff's § 1983 claims against the State. *See Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir.1997). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour,* 474 U.S. 64, 68 (1985) (*citing Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99 (1984)). There has been no argument in the instant case that the State of Arkansas has consented to suit or that its immunity has been abrogated by Congress. The State of Arkansas most certain does not consent to this suit; therefore, it should be dismissed as a party.

---

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. Section 1983.

C. <u>Stebbins has failed to, and will be unable to, allege facts which could support a claim for retaliation pursuant to Title II of the ADA</u>.

In his Complaint, Stebbins alleges the following: (a) he suffers from a disability – Asperger Syndrome; (b) he has been denied reasonable accommodations, which are owed to him under the ADA; (c) he has filed numerous lawsuits over the years to challenge the denial of reasonable accommodations; and (d) the State of Arkansas and her employees despise him for his litigation efforts. (DE 2, ¶¶ 12 – 17) Stebbins offers three "examples" of the State's hatred towards him: (a) In 2011, Stebbins' dad sent him a letter saying he disagreed with his son's litigation practice; several months later he was arrested for allegedly stabbing his father in the face with a knife; (b) the Boone County Circuit Court Judge refused to overturn the jury's verdict against him in case No, 2012-85-4, and stated "I have never seen anyone abuse the right of access to the courts like he has" (presumably referring to Stebbins; and (c) after the jury reached its verdict in Case No. 2012-85-4, Stebbins learned that the defense attorney had rigged the case against Stebbins. (DE 2, ¶ 18)

A *prima facie* case under the ADA's anti-retaliation provisions will require Stebbins to show that: (1) he engaged in a statutorily protected activity; (2) an adverse action was taken against him; and (3) a causal connection between the adverse action and the protected activity. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir. 1999). Stebbins has failed to allege facts to support each of these requirements. For this reason, Stebbins' ADA retaliation claim should be dismissed.

The State of Arkansas do not dispute that Stebbins has engaged in a statutorily protected activity – the filing of lawsuits. The State of Arkansas does, however, deny independent knowledge of such cases prior to Stebbins bring the list to its attention via litigation. The State of Arkansas admits that, according to the various court websites, Stebbins has filed a number of lawsuits in various courts. For example, Stebbins provided this Court with a list of lawsuits he has initiated. (DE 2, ¶ 16)  According to the cases in his Complaint, Stebbins has sued Mid-States Promotions (3:10CV3041); Full Sail University (3:10CV3072); Wal-Mart Stores, Inc. (3:10CV3086); Legal Aid, Inc. (3:11CV3057); Harp & Associates (3:11CV3078); and the University of Arkansas at Fayetteville (3:10CV3125). Stebbins does not explain how or why the State of Arkansas would know of these cases, unless informed by Stebbins himself.

With regard to the second element – an adverse action was taken against him – Stebbins's Complaint falls short in explaining how the State of Arkansas took an adverse action against him. The crux of Stebbins argument against the State is his complaint that the State refused to force the Court of Appeals to force the Boone County Circuit Court to enforce their September 2017 mandate. The claim against the State is too far removed from the alleged wrong-doing to have any merit. In addition, Stebbins ultimate goal was to obtain a final appealable order regarding the eight claims that were dismissed in 2015 in Circuit Court. Stebbins now has that; therefore, there is no longer a claim to pursue.

The State also disputes that Stebbins can satisfy the third element - a causal connection between the adverse action (which there was none taken by the State) and the protected activity (Stebbins' filing of lawsuits). Stebbins does not offer an explanation as to why the State of Arkansas cared if he filed lawsuits against entities such as Mid-States Promotions, Full Sail University; Wal-Mart, Inc.; Legal Aid, Inc.; Harp & Associates, or any of the other lawsuits he has filed. Stebbins does not allege to have prevailed in any of his lawsuits, or that his litigation has cost the State of Arkansas money. Simply stated, Stebbins has offered absolutely zero connection. For the reasons stated, Stebbins' has failed to state a claim upon which relief can be granted pursuant to the ADA, therefore, his claim must fail.

      D.    <u>Stebbins is not entitled to injunctive relief from the State of Arkansas.</u>

In his Complaint, Stebbins identifies two forms of injunctive relief he is seeking in this matter. First, Stebbins asks this Court to order the Circuit Court (a non-party) to reopen Boone County Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims. Stebbins' first request is now moot, as a final Order addressing the eight claims was entered on November 1, 2017. Stebbins has a copy of the Order and in fact attached it to one of his pleadings in Case No. CV-16-16[4].

Stebbins' second request, which is to obtain "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation" is against the State of Arkansas. Stebbins is not being retaliated against by anyone or anything, including

---

[4] The Court can take judicial notice of this pleading filed by Stebbins.

11

the State of Arkansas, and he offers no actual examples of such regarding the State of Arkansas. There is absolutely no basis for Stebbins' request; therefore, it should be denied as meritless.

## IV. CONCLUSION

Stebbins claims against the State of Arkansas should be dismissed for six reasons: (a) Stebbins' claims are barred by res judicata and collateral estoppel; (b) Stebbins has again failed to state a claim pursuant to 42 U.S.C. § 1983 upon which relief may be granted; (c) the State of Arkansas is immune from an award of money damages in 42 U.S.C. § 1983 claims; (d) Stebbins has failed to alleged facts, and will be unable to establish a *prima facie* case under the ADA's anti-retaliation provisions; (e) Stebbins' request for an order directing the Circuit Court (a non-party) to reopen Case No. 2012-85-4 and allow Stebbins to file pleadings in it in an effort to "resolve" the "unresolved" eight claims – is now moot, as a final Order addressing the eight claims was entered on November 1, 2017; and (f) Stebbins's request for "an everlasting injunction against the State of Arkansas to permanently and perpetually cease and desist retaliating against me for any act of ADA retaliation" is meritless. The State of Arkansas respectfully requests this Court grant its Motion to Dismiss, and dismiss Plaintiff's Complaint with prejudice.

        Respectfully submitted,

        Leslie Rutledge
        Attorney General

By:   /s/ Christine A. Cryer
        Arkansas Bar No. 2001082
        Sr. Assistant Attorney General
        323 Center Street, Suite 200
        Little Rock, Arkansas 72201
        Telephone: (501) 683-0958
        Fax: (501) 682.2591
        Chrisitne.cryer@arkansasag.gov

## **CERTIFICATE OF SERVICE**

    I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on February 21, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

    I, Christine A. Cryer, hereby certify that on February 21, 2018, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

        /s/ Christine A. Cryer