UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                                            PLAINTIFF

VS.                  CASE NO. 4:17-cv-00711-JM-JTK

KENNETH HIXSON, DAVID GLOVER,                    DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

### RESPONSE IN OPPOSITION TO [023] MOTION TO DISMISS BY STATE OF ARKANSAS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in Support of my Response in Opposition to the Defendants' Motion to Dismiss.

### Section 1: Preliminary Matters

1. Before we continue, I wish to remind the Court of some very important limitations on its power.

2. First, this Court cannot raise new claims or defenses sua sponte, unless it pertains to the Court's subject-matter jurisdiction.

    (a) See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)

> "Under [the adversarial system], courts are generally limited to addressing the claims and arguments adv-anced by the parties. Courts do not usually raise claims or arguments on their own"

    (b) See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006)

> "The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims."

    (c) See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)).

    (d) See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th

Cir. 1976) (same).

3.  This means that, if the Defendants, in their response to this motion, fail to establish any dispute of material fact, this Court cannot "bail out" the Defendants by raising its own disputes of material fact. To do so would cause the court to become an advocate for the defense, and I should not even have to explain to you why that is not allowed.

4.  I would also like to remind this Court that it cannot issue an order without giving an explanation behind it. Failure to give an explanation constitutes an automatic abuse of discretion.

   (a) See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision").

   (b) See also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992)

   "The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice."

   (c) See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984)

   "[W]e nevertheless find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion."

   (d) See also Foman v. Davis, 371 US 178, 182 (1962)

   "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

   (e) See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981)

   "We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order."

   (f) See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of

specific findings and the evidence in the record, we find that the district court abused its discretion").

(g)     See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(h)     See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

(i)     See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(j)     See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984)

> "Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

(k)     See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(l)     See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

5.     This means that, if this Court wishes to deny this Motion, it must actually state with particularity which facts are in dispute, point to the evidence presented by the defense to show that this dispute exists1, and provide citations of law.

6. Last but not least, I would like to remind the Court of the stringent standards to which a Motion to Dismiss is held. By the Defendants' own admission[1], a complaint should only be dismissed for failure to state a claim if it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief. Furthermore, when considering a motion to dismiss for failure to state a claim, the Court must "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." See Ashley County, Ark. v. Pfizer, Inc., 552 F. 3d 659, 665 (8th Cir. 2009). This means that the Defendants' factual allegations that there is now a final appealable order in the state case, as well as any other factual allegations they may have made in their motion, cannot be decided by the Court at this stage. The Court must presume those factual allegations as lies unless I admit to them in my Complaint.[2]

7. With that said, let us move onto the Response proper.

### Section 2: Defenses NOT raised by the Defendants

8. There are quite a few arguments I expected the Defendants to raise in this Motion to Dismiss that, to my pleasant surprise, they did not raise. Since the Court cannot raise defenses or grounds for dismissal sua sponte (see ¶¶ 2-3 of this Brief), that means that these grounds for dismissal are waived by the Defense.

9. First, the Defendants do not argue that they are immune from suit for claims under Title II of the Americans with Disabilities Act. This means that, even if this Court accepts that the State is immune from suit for the claim of First Amendment Retaliation (which I never included the State of Arkansas as a defendant in, anyway), I am still entitled to proceed on my Title II

---

[1] See Page 7 of Doc. 15.
[2] Although the Court is generally required to construe the facts in a light most favorable to the plaintiff, a motion to dismiss for failure to state a claim can indeed be granted "in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." See Bennett v. Berg, 685 F. 2d 1053, 1058 (8th Cir. 1982).

ADA claim.

10. The State also does not allege that it is entitled to the same judicial immunity as her judicial employees whose actions constitute the act of retaliation. This means that, even if the Court grants the first motion to dismiss for judicial immunity, I am still entitled to proceed on my claim of Title II retaliation against the State of Arkansas.

11. These defenses are all waived, due to the Defendants' failure to raise them when they first had the chance.

12. With that said, let us move on to rebutting the arguments actually raised by the Defendants.

### Section 3: There is no res judicata

13. The first of three arguments the Defendants raise for dismissal is that this dispute has already been finally adjudicated in the case of Stebbins v. State of Arkansas, et al, 3:17CV03016 TLB in the U.S. District Court for the Western District of Arkansas, and therefore are barred by res judicata and collateral estoppel.

14. This argument is patently frivolous. Collateral estoppel only bar a suit if the second lawsuit seeks to hold the Defendant liable for the *exact same* actions as the first lawsuit does. State Office of Child Support Enforcement v. Willis, 59 SW 3d 438, 4445 (2001) ("Collateral estoppel requires actual litigation in the first instance").

15. While the Defendants maintain that this case contains the same disputed issues as the 2016 lawsuit, put simply, this is demonstratably false.

16. That case concerned an order to *supplement* the record. When the State of Arkansas was served with process in that case, a mere four days later, the Boone County Circuit Clerk finally complied with its order to supplement the record, five and a half months late.

17. The current lawsuit contains a completely separate opinion and mandate, one that was not and could not have been the subject of the 2016 lawsuit, since it did not exist when that lawsuit was filed.

18. Now, if I lose this case for whatever reason, and the dismissal is with prejudice, and I then proceed to file a third Motion to Enforce Mandate with the AR Court of Appeals, only for it to be denied in a similar fashion as the first two, and I were to sue again for their refusal to enforce the mandate, THEN it would be barred due to res judicata. At that point, we would indeed be litigating the non-enforcement of the same mandate. However, in the current case, the Defendants have no clami to res judicata because is a different mandate.

19. I am fascinated by how the Defendants believe this case seeks liability over the same overt action as the 2016 lawsuit when it clearly does not. Do they believe that one judgment forever precludes litigation of *substantially similar* issues between the same parties and their privies, even if it is not the exact same set of actions? If so, then the Defendants are arguing a very dangerous slippery slope. By that logic, if one person sues another person for assault and battery, and loses, then the defendant in that case can go and beat up his plaintiff out of revenge, and that plaintiff cannot file another lawsuit against that same defendant for assault and battery because he had already sued that defendant for assault and battery before and lost! Even though this is a brand new instance of battery, by the Defendants' logic in this current motion, that would still be barred by res judicata because it is A) an assault and battery lawsuit, B) filed by the same plaintiff, and C) against the same defendant. By that point, that defendant would essentially have free reign to use the plaintiff as his perosnal punching bag for the rest of their lives unless the prosecuting attorney *chooses* to charge the Defendant with a crime ... something the plaintiff cannot force the prosecutor to do.

20.     Just on this alone, the Defendants' claim that this lawsuit is barred by collateral estoppel is not only demonstratably false, but is patently frivolous and should be sanctioned.

### Section 4: The State is not a party to the Section 1983 claim.

21.     This arguments makes me wonder if the Defendants even *read* the Complaint and Jury Demand before they filed this motion to dismiss. You literally only have to read the first paragraph in that Complaint (that is ... the one that isn't numbered) to know that this argument is patently frivolous.

22.     The first, unnumbered paragraph in the Complaint and Jury Demand says the following:

> "[Plaintiff] hereby submits the following complaint against Defendants Kenneth Hixson, David Glover, and Philip Whiteaker ... for a violation of 42 USC § 1983, and also for a claim of First Amendment Retaliation. I also sue the State of Arkansas for a count of ADA retaliation under 42 USC § 12203."

23.     Clearly, the State of Arkansas was not listed as a defendant in either of the § 1983 claims.

24.     Therefore, this section of the Defendants' Motion to Dismiss should be denied as frivolous.

### Section 5: I have alleged a sufficient adverse action.

25.     At this point, I would like to remind the Court of the contents of Section 1 of this Brief, and Paragraph 6 in particular. The Defendants state that they have already complied with the requested injunction, but for purposes of a Motion to Dismiss, the Court must presume that to be false. Indeed, I do maintain that this is false. If there was such an order, I was never served with a copy of it.

26.     That said, I have sufficiently alleged an adverse action in the complaint. I filed not one, but two Motions to Enforce Mandate with the Defendants; both of them were denied. That suffices as an adverse action. Even if the Defendants had a valid, non-discirminatory and non-retaliatory reason for denying both motions, it still counts as an adverse action. If the Defendants

maintain that they denied my motions to enforce because denial of each motion was legally proper, then that is a rebuttal to the essential element of "casual connection," not adverse action.

27.     Therefore, I have alleged sufficient facts to support a finding of an adverse action.

### Section 6: I have alleged a sufficient causal connection.

28.     The Defendants maintain that my allegations of causal connection are implausible. I wish to remind the Court of the stringent standards to which motions to dismiss for failure to state a claim are held. The Defendants allege that my allegations of causal connection are implausible. That is not relevant in a motion to dismiss for failure to state a claim.

29.     A complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." See Bennett v. Berg, 685 F. 2d 1053, 1058 (8th Cir. 1982). "Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be strange, but true; for truth is always strange, Stranger than fiction." See Denton v. Hernandez, 504 US 25, 33 (1992).

30.     The Defendants argue that I have not sufficiently plead how the Defendants would care about my statutorily protected activities. They claim that I have not alleged how the Defendants have any personal stake in those cases (see Doc. 24, Page 11: "Stebbins does not allege ... that his litigation has cost the State of Arkansas money ... Stebbins has offered absolutely zeor connection").

31.     Put simply, I am not required to plead this. I have alleged facts sufficient to show that the State of Arkansas does indeed hold a vendetta against me for my statutorily protected activities and, outside of defending themselves in retaliation cases, have actually been very upfront about their hatred of me and have made no effort whatsoever to hide their actions. See Paragraphs 17-

19 of the Complaint and Jury Demand. I don't know *why* they hate me so much for these statutorily protected activities, but they clearly do! As the Defendants themselves concede, they have no reason to hate me ... yet they clearly do hold a vendetta against me for my statutorily protected activities! I am not required to allege facts showing that the State of Arkansas has a personal stake in these statutorily protected activities; I am only required to plead sufficient facts showing that they hold a vendetta against me for them regardless of the source of the vendetta. Their hatred towards my statutorily protected activities can be purely sentimental, and the retaliation stemming from that vendetta is just as actionable in federal court as if they had a direct financial interest.

32.   Think about it this way: If a small business owner retaliates against an employee or customer because that employee or customer sued *one of his friends* for discrimination ... does that still count as retaliation under the civil rights laws? Of couse it does! Put simply, it is not necessary, as a matter of law, for the Defendant to have a personal stake in any of the statutorily protected activities in order to be guilty of retaliation, and that is simply all there is to it!

33.   The fact that the Defendants are not personally satisfied with the factual allegations in my complaint carries no weight. I am not required, at this early stage, to plead sufficient facts to *lend plausibility* to my claim. Even on summary judgment or at trial, I am not required to articulate *why*, exactly, the defendants hate me so much. Even on summary judgment or at trial, I would merely be required to show proof that they hold the vendetta against me for the statutorily protected activities, with or without a clear interest in them. I will most certainly be able to do that.

34.   Therefore, I have plead sufficient facts for a causal connection in this case, whether the Defendants like it or not.

### Section 7: There is indeed a personal financial interest by the State of Arkansas

35. As I have established, it is not necessary that I establish that the Defendants have some sort of personal, direct financial stake in the outcomes of any of my statutorily protected activities for me to prevail on a claim of ADA Retaliation. All I need to prove is that A) the Defendants had at least some sort of grudge against me because of my statutorily protected activities (with or without any justification for holding it), and B) that this grudge was at least one factor in at least one adverse action.

36. However, assuming without conceding that I do indeed have to show a personal connection that gives the Defendants a reason to care about my statutorily protected activities, I do indeed have that.

37. Case No. 10-5025 and Case No. 12-3022 in the Western District of Arkansas were both against Arkansas government agencies. Either the State of Arkansas, and/or one of her departments, and/or one of her municipalities was sued directly for acts of disability discrimination and ADA retaliation. Both of those cases lasted well over a year. Therefore, while I do not know exactly how much money the State of Arkansas spent defending those cases, the amount was unquestionably massive. Neither of those cases required me to pay the costs of the Defendants. Therefore, the State of Arkansas was simply out those expenses with no recovery against me.

38. That alone gives the Defendants a personal stake in retaliating against me, even if we accept the Defendants' own, stringent and completely frivolous definition of what constitutes a "causal connection."

39. So not only is the Defendants' allegations that I have not alleged a personal interest for them to hold a vendetta against me completely irrelevant as a matter of law (since I have nevertheless alleged facts sufficient to show that they clearly do hate me for my statutorily

protected activities, even if I don't know why), it is also unequivocally and demonstrably false, even as-is.

### Section 8: I am entitled to all proper relief.

40.     Lastly, the Defendants argue that the relief I have requested in the Complaint is improper.

41.     As an initial matter, I ask that this Court delay consideration of this portion of their Motion. Even if it is true, this would not cause the entire case to be thrown out. I am only restricted to the relief I requested in my Complaint in the event of a default judgment. "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See Fed.R.Civ.P. 54(c). Thus, even if I am not entitled to the exact relief I have requested in the Complaint, by proving that the Defendants have legally wronged me at all, I would still be entitled to some relief. The exact nature and amount of that relief can be determined by the Court whenever it becomes appropriate. Thus, as an initial matter, I ask that we cross that bridge when we come to it.

42.     If, however, the Court sees fit to take up this issue immediately, then the Defendants' arguments are still without merit.

43.     The Defendants' argument is based almost exclusively on the claim that a final, appealable order has already been entered in that case. First, this requires that the Court accept at least one of the factual allegations[3] in my Complaint as false, which is explicitly against the law on a motion to dismiss. Second, it is patently untrue; I certainly have not received a copy of any such order.

44.     Third, I very clearly asked, in the Complaint, to receive damages even if the Defendants untimely engage in conduct consistent with my requested injunction. See Paragraphs 64-66 of

---

3 Namely, the one where I allege the injuries of being unable to litigate the eight (8) remaining claims, but also am forever precluded from obtaining an appeal on the merits of the two claims which were litigated.

the Complaint and Jury Demand. So even if the Defendants can A) produce an order that disposed of the eight (8) remaining claims in the first instance, and B) show proof that I actually received a copy of that order, that still does not excuse the Defendants from liability altogether.

## CONCLUSION

45. Once again, the Defendants' entire Motion to Dismiss is frivolous from top to bottom. It is astonishing how much they completely warp the facts, and even basic common sense, to make their arguments appear even the slightest bit non-frivolous. Nothing in their motion even comes close to being non-frivolous.

46. Not only should the Defendants' Motion to Dismiss be denied, but the Defendants should be sanctioned for wasting everyone's time with such a frivolous motion.

So requested on this, the 5th day of March, 2108.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

2018 MAR -7  AM 9: 54

JAMES W. McCORMACK

BY:_____