IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                                  **PLAINTIFF**

**v.**                                      **NO. 4:17-CV-711-JM**

**KENNETH HIXSON,**                                                              **DEFENDANTS**
**DAVID GLOVER,**
**PHILLIP WHITEAKER, and the**
**STATE OF ARKANSAS**

## REPLY TO PLAINTIFF'S RESPONSE TO THE STATE OF ARKANSAS' MOTION TO DISMISS

Comes now the State of Arkansas, by and through its attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for its Motion to Dismiss Plaintiff's Complaint for his failure to state a claim, states as follows:

1. A fundamental aspect of the sovereignty, which the States enjoyed before the ratification of the Constitution, is immunity from suit. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see also Hans v. Louisiana*, 134 U.S. 1, 16 (1890) (holding that "the suability of a State, without its consent, was a thing unknown to the law.") The Eleventh Amendment bars private litigants' from filing suits against non-consenting states in federal court unless Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *See e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Monroe*, 495 F.3d at 594. The Eleventh Amendment immunity further bars suits against state agencies, as arms of the state, and state officials in their official capacities.

*Pennhurst*, 465 U.S. at 101; *see also Will*, 491 U.S. at 70 – 71; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity . . . . the real party in interest is the entity."); *Egerdahl v. Hibbling Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State University*, 64 F.3d 442, 446 – 47 (8th Cir. 1995). Stated differently, "[t]he Eleventh Amendment bars a suit against state officials when the 'state is the real, substantial party in interest.'" *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945).

A fundamental aspect of sovereignty is immunity from suit for a state, its agencies, and its officials. The Eleventh Amendment immunity extends to the State as well as its judges acting in their official capacity because any relief sought would operate against the state. Thus, sovereign immunity is a jurisdictional to Stebbins' claims.

2. In its Motion to Dismiss, the State of Arkansas pled sovereign immunity. (DE 14 – 15)

3. To the extent Plaintiff seeks to join lawful state acts, his claims is barred by sovereign immunity.

4. To the extent Plaintiff seeks to enjoin alleged unlawful state acts, he has to plead particular facts demonstrating those illegal acts, which he has not done and cannot do; therefore, his Complaint should be dismissed.

5. To the extent Plaintiff seeks to enjoin the State from future acts, he lacks standing because he cannot particularize his harm.

6. For the reasons stated in their Motion to Dismiss and brief in support, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

Leslie Rutledge
Attorney General

By: /s/ Christine A. Cryer
Arkansas Bar No. 2001082
Sr. Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 683-0958
Fax: (501) 682.2591
Chrisitne.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on March 13, 2018, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on March 13, 2018, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/ Christine A. Cryer