UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS                                      PLAINTIFF

VS.                   CASE NO. 4:17-cv-00711-JM-JTK

KENNETH HIXSON, DAVID GLOVER,            DEFENDANTS
PHILLIP WHITEAKER, AND THE STATE OF ARKANSAS

### SURREPLY IN RESPONSE TO [026] REPLY TO [025] RESPONSE IN OPPOSITION TO STATE OF ARKANSAS' MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following surreply to Doc. 25, the Defendants' Reply to my Response to their Motion to Dismiss in the above-styled action.

1. Although this surreply may be considered unconventional, the Defendants' Reply to my Response was itself unconventional. If the Defendants are going to raise new arguments in their reply not previously raised in their original motion, then I have the right to present counter-arguments against those new arguments. It's only fair.

2. The Defendants maintain that the State of Arkansas pled the defense of sovereign immunity in **Doc. 14** and **Doc. 15**. This is a bald-faced lie. In fact, the State of Arkansas had explicitly refused to even appear in the case at that point! See **Doc. 17**. The Defendants raised judicial immunity, but not 11th Amendment immunity. So **Doc. 26** is the first time the Defendants have raised the defense of 11th Amendment immunity.

3. The Defendants are not entitled to 11th Amendment immunity, period. I addressed this lack of immunity in ¶¶ 7-10 of the Complaint and Jury Demand in this case (**Doc. 2**). The contents of that section of the Complaint is hereby incorporated by reference.

4. Bear in mind that the primary injury I have suffered as a result of the Defendants' actions in this case is a lack of court access. Even the Eighth Circuit Court of Appeals has conceded that

Section 502 of the ADA is a valid abrogation of 11th Amendment immunity insofar as the State's actions impede on a citizen's right to court access. See Bill M. ex rel William M. v. Nebraska Dept. HHS, 408 F. 3d 1096, 1100 (8th Cir. 2005) ("We conclude that Alsbrook [v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir.1999)] has been modified by Lane to the extent that a discrete application of Title II abrogation—related to claims of denial of access to the courts—has been deemed by the [Supreme] Court to constitute a proper exercise of Congress' power").

5. Bear in mind that the case of Bill M. was published *before* the Supreme Court published its precedent-setting opinion in the case of United States v. Georgia, 546 U.S. 151 (2006), which held that Sec. 502 of the ADA is a valid abrogation of 11th Amendment immunity whenever the states' discriminatory conduct "*actually* violates the Fourteenth Amendment ." See id at 159. Since the Fourteenth Amendment also binds the states to the rest of the Constitution through the doctrine of incorporation (a doctrine so well established I do not even need to cite any case law to show it exists), that means that all constitutional violations – insofar as they are equally cognizable under the ADA, such as in this case – are valid abrogations of state immunity.

6. Therefore, even the case of Bill M. has been effectively abrogated by the Supreme Court the very next year. Wipe your bottocks with that case law; it isn't worth the paper it's written on.

7. So not only is the State of Arkansas not protected by the 11th Amendment in this case, but the Defendants already knew full well that they were not protected, and raised this defense anyway! Specifically, in the summer of 2017, in Case No. 4:16CV00545-JM in the Eastern District of Arkansas, in **Doc. 55** of that case, the Defendants were told in no uncertain terms that they were not immune from suit for claims under Title II of the Americans with Disabilities Act. In that order, District Judge James Moody – who is the same district judge as in this case – adopted a magistrate judge's report and recommendation which unequivocally stated that Title II

of the ADA was, indeed, a valid abrogation of the State of Arkansas' immunity from suit under the Eleventh Amendment. The Defendants could have filed an interlocutory appeal on that order, but chose not to. This suggests that the Defendants were actually satisfied with how thoroughly the Court in that case debunked their claims of immunity.

8. Therefore, the Defendants in the current motion know full well that their claim of 11th Amendment immunity is without merit, and are raising it anyway for the sole purpose of delaying the resolution of this case.

9. Next, the Defendants argue the following: "The Eleventh Amendment immunity extends to the State as well as its judges acting in their official capacity because any relief sought would operate against the state."

10. This is without merit. "[U]nits of government are not entitled to immunity in suits under § 1983. Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines. That justification does not apply to suits against units of state or local government, which can tap the public fisc." See Hernandez v. Sheahan, 455 F. 3d 772, 776 (7th Cir. 2006).

11. Next, the Defendants make the following arguments: "To the extent Plaintiff seeks to enjoin alleged unlawful state acts, he has to plead particular facts demonstrating those illegal acts, which he has not done and cannot do; therefore, his Complaint should be dismissed."

12. I have indeed plead sufficient facts in my Complaint and Amended Complaint. The mere fact that the Defendants, personally, are not satisfied with the facts I have alleged does not defeat the validity of my Complaint. If I had not alleged sufficient facts in the Complaint, I do not think this Court would have granted my application for leave to proceed *in forma pauperis*, as that is

improper when the complaint fails to state a claim upon which relief can be granted. See 28 USC § 1915.

13. Last but not least, the Defendants argue, "To the extent Plaintiff seeks to enjoin the State from future acts, he lacks standing because he cannot particularize his harm."

14. This is also frivolous. I have indeed particularized my harm. See Doc. 2, ¶ 34: "Their refusal to enforce the mandate has caused me the injury of deprivation of court access. I am forever barred from litigating the eight remaining torts in that case, and I am also forever barred from obtaining an appeal on the merits of the two torts that were litigated."

15. There is precedent to support my position. In addition to the DeShaney precedent mentioned in ¶ 35 of my Complaint and Jury Demand, the Eighth Circuit has also held a constitutional duty to intervene when they witness or are otherwise made aware of unconstitutional conduct by another government officer. See Putman v. Gerloff, 639 F. 2d 415, 423 (8th Cir. 1981). See also Randall v. Prince George's County, Md., 302 F. 3d 188, 204 (4th Cir. 2002) ("[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act").

16. Here, the Defendants were acting in an enforcement capacity, not a judicial one. They were made aware of the unconstitutional conduct by the Circuit Clerk and by special judge Ted Capeheart when I filed my two motions to enforce the mandate with them. They had the opportunity to act to undo the harm caused by those two people, and they chose to deny both motions. This creates liability under Sec. 1983 for failure to intervene, completely independent of any ADA claims.

17. For all these reasons and more, the State of Arkansas' Motion to Dismiss should be

denied.

So requested on this, the 19th day of March, 2018.

                                                      David Stebbins  
                                                     123 W. Ridge St.,  
                                                         APT D  
                                         Harrison, AR 72601  
                                            870-204-6516  
                                     stebbinsd@yahoo.com